**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**John Wray JONES, Defendant—**
**Appellant.**

No. 04–30406.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2005.*

Decided April 7, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jared C. Kimball, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

Christina L. Hunt, Esq., FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant—Appellant.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM [**]

Jones appeals from denial of his motion to suppress evidence obtained during an investigatory traffic stop. On appeal, Jones argues that this stop was not supported by reasonable suspicion, and thus, that the evidence should have been suppressed. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our conclusions.

The Fourth Amendment prohibition against unreasonable searches and seizures by law enforcement also applies to investigatory traffic stops, which must be "supported by reasonable suspicion to believe that criminal activity 'may be afoot.'" *See United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (quoting *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)); *see also United States v. Sigmond–Ballesteros*, 285 F.3d 1117, 1121 (9th Cir.2002). Reasonable suspicion requires "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *United States v. Lopez–Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000) (quoting *United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir.1996)).

Applying the "totality of the circumstances" test, we determine that the facts found by the district court support its legal conclusion that the officers possessed a "particularized and objective basis for suspecting legal wrongdoing" at the moment the case agent ordered State troopers to effectuate the traffic stop of Jones. *Arvizu*, 534 U.S. at 273, 122 S.Ct. 744 (citation and internal quotation marks omitted).

The officer knew that Jones was the subject of a prior drug investigation, and that he had engaged in conduct that led to his name being placed on a Treasury Department watch list. The officer also knew that Jones flew into Spokane, met with people at a local restaurant, and picked up one of two trucks waiting in the parking lot. He also knew that Jones headed east towards Idaho in a truck bearing Washington license plates, and that the people with whom he met were headed north towards Canada in a truck bearing British Columbia plates. While this behavior "is not necessarily indicative of criminal activity," *Sigmond–Ballesteros*, 285 F.3d at 1123, "[i]ndividual factors that may appear innocent in isolation may constitute suspicious behavior when aggregated together." *United States v. Diaz–Juarez*, 299 F.3d 1138, 1141 (9th Cir.2002)

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(citation omitted); *see also Terry v. Ohio,* 392 U.S. 1, 22–23, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

The officer also knew that Jones drove for over forty miles, crossing into Idaho and continuing on before ultimately reversing direction and heading back to Spokane. This type of driving is consistent with evasive behavior designed to defeat surveillance, known as a "heat check," and is properly considered in the reasonable suspicion inquiry. *See Illinois v. Wardlow,* 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).

Finally, the detaining officer's extensive prior experience and knowledge of drug trafficking formed the background against which the circumstances presented to him must be viewed for reasonableness. *See Lopez–Soto,* 205 F.3d at 1105 ("An officer is entitled to rely on his training and experience in drawing inferences from the facts"); *see also Arvizu,* 534 U.S. at 277, 122 S.Ct. 744; *cf. Sigmond–Ballesteros,* 285 F.3d at 1123 (noting that the officer's "analysis must be based on objective observations, and the inferences he draws must be objectively reasonable") (internal citation and quotation marks omitted).

The evidence was sufficient to establish a reason to conduct further investigation within the framework articulated by the Supreme Court in *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) and *Arvizu,* 534 U.S. at 274, 122 S.Ct. 744 (citing *Terry,* 392 U.S. at 22, 88 S.Ct. 1868). Thus, the investigatory traffic stop that ultimately led to Jones' arrest and conviction was supported by reasonable suspicion and the evidence that was obtained as a result of that stop was untainted under the Fourth Amendment.

AFFIRMED.